United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JUL 20  A 11: 48

| | |
|---|---|
| Charles N. Tunstall, #20964-001; | C/A No. 2:06-2027-MBS-RSC |
| Petitioner; | |
| vs. | **Report and Recommendation** |
| Ruth Yancey, Warden, Williamsburg Federal Correctional Institution (FCI-Williamsburg); | |
| Respondent. | |

The Petitioner, Charles N. Tunstall (hereafter, the "Petitioner"), is a federal inmate, proceeding *pro se*. He seeks relief under Title 28 United States Code Section 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at Williamsburg Federal Correctional Institution (FCI-Williamsburg) in Salters, South Carolina, serving a sentence of 168 months, to be followed by 60 months supervised release (with other terms & conditions), imposed by the United States District Court for the Northern District of Alabama after jury convictions on two counts of narcotics violations. See United States v. Tunstall, 2:97-0126-UWC-PWG (N.D. Ala 1997), *aff'd* 165 F 3d. 39 (11th Cir. 1998).

While incarcerated at Talladega Federal Correctional Institution (FCI-Talladega), Petitioner filed this § 2241 petition seeking an award of "time served" credit while he was a pre-

1

trial detainee in Jefferson County, Alabama. In April 2006, Petitioner was transferred from FCI-Talladega to FCI-Williamsburg, in this District. His petition was thereafter transferred to this Court from the Northern District of Alabama.

### *PRO SE* PETITION

As a *pro se* litigant, the Petitioner is entitled to have his pleadings accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under 18 U.S.C. § 3585, as applied by United States v. Wilson, 503 U.S. 329 (1992), the determination of credits for time served is made in the first instance by the Attorney General of the United States, acting through the Federal Bureau of Prison (FBOP). The sentencing court has no jurisdiction to award credit for time served, which by implication would suggest that the sentencing court could not "correct" a ruling by awarding credit. Wilson, at 1354-1355.

Any effort to obtain credit for time served must commence with the FBOP and not in a

United States District Court. This Court may only review FBOP administrative determinations after a petitioner has exhausted the administrative remedies provided under 28 C.F.R. § 542.10 through § 542.16. The process is described in Program Statement (PS) 1330.13 implementing 28 Code of Federal Regulations (CFR) Ch. V, Subch. C, Part 542. After informal attempts to resolve the matter with staff have failed, the inmate must present his claims to the Warden of the institution where he is housed. 28 C.F.R. § 542.13(b). Failing to obtain redress, the inmate must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons – in the present case, the Southeast Regional Office (SERO) – and, thereafter, to the Office of General Counsel. 28 C.F.R. § 542.15.

There is no indication that the Petitioner has followed these administrative procedures. The requirement for exhaustion of remedies in the present context cannot be waived. United States v. Jenkins, 38 F. 3d 1143 (10th Cir. 1994); United States v. Westmoreland, 974 F. 2d 736 (6th Cir. 1992).

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The petitioner's attention is directed to the notice on the next page.

Honorable Robert S. Carr
United States Magistrate Judge

Dated: July 20, 2006
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Petitioner's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court

Post Box 835
Charleston, South Carolina 29402