IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHARLES N. TUNSTALL, | C/A No.: 2:06-cv-2027-MBS |
| Petitioner, | |
| v. | ORDER |
| RUTH YANCEY, Warden, Williamsburg Federal Correctional Institution (FCI-Williamsburg); | |
| Respondent. | |

Petitioner Charles N. Tunstall ("Petitioner"), previously confined at the Talladega Federal Correctional Institution (FCI-Talladega) in Alabama, filed this petition with the Northern District of Alabama for writ of habeas corpus under 28 U.S.C. § 2241.[1]  Petitioner brought this action against the Warden of FCI-Talladega.  Petitioner contends his sentence, as computed, violates 18 U.S.C. § 3585(b), so that he is subject to terms of confinement that exceed his sentence. Specifically, Petitioner claims that time he spent at a county jail in Jefferson County, Alabama should be credited to his federal sentence.

On April 10, 2006, Petitioner was transferred from FCI-Talladega to Williamsburg Federal Correctional Institution ("FCI-Williamsburg") in South Carolina.  Accordingly, the action was transferred to the District Court of South Carolina on July 14, 2006.  *See Rumsfeld*

---

[1] On December 3, 2005, Petitioner filed a document entitled "Form For Use In Application For Habeas Corpus Under 28 U.S.C. § 2254."  (Entry 1, Part 2)  In the court's view, Petitioner's filing more properly should be considered an application for habeas corpus under 28 U.S.C. § 2241, as it challenges execution of his sentence and not his conviction.

*v. Padilla*, 542 U.S. 426 (2004). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

On July 20, 2006, the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed without prejudice and without requiring Respondent to file a return because Petitioner has not exhausted his administrative remedies. On July 31, 2006, Petitioner filed an objection to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

The Attorney General, through the Bureau of Prisons ("BOP"), determines the amount of credit to be awarded for time spent in official detention. *United States v. Wilson*, 503 U.S. 329, 335 (1992). As noted in *Wilson*, "[f]ederal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Id.* (citations omitted); 28 C.F.R. §§ 542.10 to 542.16. Petitioner cannot seek judicial review of the BOP's computation of his time served until exhausting his administrative remedies. *United States v. Burcham*, 91 Fed. App'x 820, 821-22 (4th Cir. 2004). Exhaustion of administrative

remedies requires completion of four steps: 1) informal resolution; 2) administrative remedy request; 3) appeal to the Regional Director; and 4) appeal to the General Counsel. 28 C.F.R. §§ 542.14 to 542.15.

Petitioner's objection only indicates that he "overlooked [his] whole docket concerning [his] #2241 and Habeas filings, and I see no reason for me to keep filing anything further." Contrary to Petitioner's position, he is required to exhaust his administrative remedies before seeking judicial review. Petitioner's objection is without merit.

Therefore, the court adopts the Report and Recommendation of the Magistrate Judge. For the reasons stated in the Magistrate Judge's Report and Recommendation and herein, Petitioner's petition under 28 U.S.C. § 2241 is **dismissed without prejudice and without requiring Respondent to file a return**.

S/ Margaret B. Seymour
Margaret B. Seymour
United States District Court

Columbia, South Carolina

April 30, 2007